IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHANIE DAWN CROSBY                                                                          PLAINTIFF

v.                                              3:24-cv-00064-JM-JJV

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Stephanie Dawn Crosby, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income.  This case was previously remanded through an unopposed motion by the Commissioner.  (Tr. 1106.)  The Appeals Council then remanded this case to the Administrative Law Judge (ALJ) to reevaluate specific evidence.  (Tr. 1112-1113.)  That has been done, but Plaintiff was still denied benefits.  (Tr. 1021-1036.)  Plaintiff again appeals her

denial to this Court where both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is relatively young – only 47 years old. (Tr. 1054.) She testified she went as far as the eighth grade in school. (*Id*.) The ALJ concluded she has no past relevant work. (Tr. 1034.)

The ALJ[1] found Ms. Crosby had not engaged in substantial gainful activity since July 26,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2018 - the alleged onset date.  (Tr. 1024.)   She has "severe" impairments in the form of "mild cerebrovascular accident; diabetes mellitus; peripheral neuropathy; obesity; hypertension; and mood disorder."  (*Id*.)   The ALJ further found Ms. Crosby did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 1025-1028.)   The ALJ determined Ms. Crosby had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments.  (Tr. 1028.)   Because she had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments.  Based in part on the testimony of the vocational expert, (Tr. 1067-1070), the ALJ determined she could perform the jobs of small products assembler and laundry sorter.  (Tr. 1035.)   Accordingly, the ALJ determined Ms. Crosby was not disabled.  (Tr. 1035-1036.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-14.)   Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinions of her treating physician, Mark S. Bradshaw, M.D.  (Doc. No. 9 at 33-34.)   Dr. Bradshaw provided a  "Physical Assessment," (Tr. 717-718), and, if fully credited, his opinion would likely mean that Plaintiff is disabled.

Dr. Bradshaw diagnosed Plaintiff with cerebrovascular accident (stroke) and stated she would need to "recline or lie down" during a typical workday, meaning more than the typical

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

breaks for lunch, etc. (Tr. 717.)  He further indicated, *inter alia*, she would need more than 4 unscheduled breaks during the workday and could never lift any weight at all. (*Id.*)  He also determined Ms. Crosby would be absent from work more than four times a month. (Tr. 718.)

The ALJ, however, found Dr. Bradshaw's opinion to be "not persuasive."  The ALJ stated:

> In addition, the undersigned finds that the opinion of Mark S. Bradshaw, M.D., dated May 2019, is not persuasive. (Exhibit 8F). Dr. Bradshaw opined that the claimant is limited to performing less than the full range of sedentary exertional work with manipulative limitations. He further stated that the claimant cannot lift or carry anything in an eight-hour workday. Moreover, Dr. Bradshaw stated that the claimant will need to take more than four unscheduled breaks in an eight-hour workday with each one lasting 15 to 30 minutes. He also indicated that the claimant will be absent from work more than four times a month as a result of her impairments. (Exhibit 8F, pgs. 1-2). The undersigned finds that Dr. Bradshaw's opinion is not supported by his own examinations of the claimant, which revealed regular rate and rhythm of the heart with no murmurs, clear to auscultation lungs bilaterally, no lower extremity edema, alertness, and orientation times three. (Exhibit 7F, pgs. 18 & 28). The undersigned also finds that the opinion of Dr. Bradshaw is inconsistent with medical records and physical examinations showing alertness, orientation times three, a normocephalic and atraumatic head, normal conjunctivae, normal effort and breath sounds with no wheezes or rales, warm and dry skin, normal rate and regular rhythm of the heart with no murmurs, normal coordination, normal bilateral grip strength, a normal gait, and full ranges of motion of the cervical spine, lumbar spine, and bilateral shoulders, elbows, wrists, hands, hips, knees, and ankles, as well as statements of the claimant denying having any muscle weakness, arthralgias, joint pain, weakness, numbness, seizures, difficulty walking, slurred speech, dizziness, headaches, or memory lapses. (Exhibits 3F, pgs. 48-49, 11F, pgs. 1-4, 33F, pg. 15, and 37F, pgs. 8-9). Furthermore, the issue of employability is reserved for the Commissioner.

(Tr. 1033.)

As Plaintiff correctly points out, claims filed after March 27, 2017, like Ms. Crosby's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to

4

determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that ALJ properly evaluated the opinion of Dr. Bradshaw. The ALJ addressed both supportability and consistency factors. Furthermore, Dr. Bradshaw's form consisted of conclusory statements rather than findings tied to clinical or diagnostic data, as it did not reference his own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Bradshaw reached his conclusions. *See id.*

To the contrary, as the ALJ stated, Dr. Bradshaw's opinion is inconsistent with his own treatment records and other evidence of record. Dr. Bradshaw regularly evaluated Plaintiff and noted nothing disabling. (Tr. 681–83, 686, 688, 691, 693, 695, 698, 700, 703, 705, 708, 711, 713, 1033, 1602, 1606, 1609, 1612–13, 1616, 1619, 1623, 1641, 1649, 1655–56.) The same is true for other doctors who examined Ms. Crosby. (Tr. 1487, 1516, 1524, 1537, 1553, 1571, 1580-81, 1588, 1602-03, 1606-07, 1609-10, 1612-13, 1619-20, 1622-23, 1629-30, 1632-33, 1641, 1646,

1655, 1706, 1898, 1945, 1965-66.)   So, the ALJ could rightly reject Dr. Bradshaw's opinions.

The ALJ found opinions persuasive by State agency reviewers, (Tr. 86-87, 90-91, 122-126), consultative examiners, (Tr. 735-739, 831-835), and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not.   Thus, I find no merit to Plaintiff's argument.

For the same reasons, I also find Plaintiff's argument regarding the ALJ's residual functional capacity assessment to be without merit.   (Doc. No. 9 at 35-39.)   The medical evidence simply fails to support her claim she is incapable of performing light work activities.   Her argument is largely based on the findings by Dr. Bradshaw - but as already discussed - his opinion was found to be unpersuasive.   Accordingly, I find no reason to disturb his well-reasoned and well supported determination that Plaintiff can perform a reduced range of light work.

Lastly, Plaintiff argues that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles.   (*Id.* at 39-42.)   Plaintiff says, "The first two jobs—the only ones named in the ALJ's opinion—have a reasoning level of two, which requires the ability to carry out detailed instructions, which would seem to be akin to complex instructions. As such, they fall outside the capability of a claimant who is limited to work involving only simple instructions." (*Id.* at 39.)   But I am persuaded by the Commissioner's reliance on *Moore v. Astrue*, 623 F.3d 599, 604–05 (8th Cir. 2010).   There is no conflict here.   Detailed instructions simply do not amount to complex instructions.

Consequently, I find the ALJ's decision is supported by substantial evidence.   Plaintiff's counsel has vigorously advocated for Ms. Crosby's rights in this case.   However, the objective medical records simply fail to support a claim of *complete disability*.   Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded in his opinion:

> Based on the entire record, including the testimony of the claimant, the undersigned concludes that the evidence fails to support the claimant's assertions of total disability. Despite evidence demonstrating medically determinable "severe" impairments, the evidence further establishes the claimant retains the capacity to function adequately to perform many basic activities associated with work. The above residual functional capacity assessment is supported by the objective medical evidence contained in the record. It is also supported by the numerous activities of daily living the claimant reported she engages in, including preparing her own meals, shopping in stores, going on walks, doing the laundry, paying bills, handling a savings account, using a checkbook, counting change, riding in a car, watching television, following spoken instructions well, getting along well with authority figures, playing Bingo, doing word finds, not needing any special reminders to take care of her personal needs and grooming, spending time with others in person and on the phone, handling changes in routine well, not noticing any unusual behavior or fears, having never been fired or laid off from a job due to problems getting along with others, and having no problems getting along with family, friends, neighbors, or others. (Exhibit 31E). Further, the objective medical evidence is inconsistent with the claimant's subjective allegations. In sum, the claimant does experience some limitations, but only to the extent described in the residual functional capacity above.

(Tr. 1034.)

The overall evidence indicates that - while the claimant's condition restricts her ability to do work beyond the light exertional level - her condition does not preclude all work activity. There is no reversible error here.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

7

contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 9th of September 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE